THE SURPRISE STORE, complainant,

*v.*

JULIS MINTZ, defendant.

Decided May 1, 1923.

**Trade Names—Property Right in—What Constitutes Improper use of.**

On bill for injunction.

Before his honor, JAMES F. FIELDER, vice-chancellor, at Jersey City chancery chambers, April 30th and May 1st, 1923.

*Mr. Joseph Autenreith,* for the complainant.

*Mr. Edward Hollander,* for the defendant.

The court (orally at close of argument)—The sole ground on which complainant claims to be entitled to relief is that it has the exclusive right to use the word "Surprise" as a trade name in connection with its stores which are located in New York City, for the sale of men's and boys' furnishings and that no one else, including defendant, may use that name in connection with a store located so far away from New York as Passaic, in which the same class of goods is sold. It is not shown that when the defendant adopted the same word, several years ago, as a trade name for his store, he knew of complainant's stores or of complainant's use of that word, nor is it shown that defendant adopted it because of its resemblance to complainant's trade name, with the fraudulent intent of deceiving the public into believing that his place of business was connected with

complainant's. There is no simulation or imitation of the appearance of complainant's stores, or of the signs or advertisements used by complainants, calculated to lead the public into thinking that defendant's store is operated by complainant, or to mislead them into patronizing defendant's store in the mistaken belief that it was one of the complainant's stores they were patronizing; nor is this the case of imitation of complainant's goods. Complainant is entitled to protection against unfair competition by defendant and against defendant passing off his goods, or his business, as complainant's. In the absence of fraud on the part of the defendant, the test is whether the public doing business with defendant is deceived by the use of the word "Suprise," into believing that it is doing business with complainant and whether complainant is damaged or likely to be damaged thereby. This is not a case of operating a store in the immediate neighborhood of the place where the complainant has previously established its place of business and built up a trade reputation, but it is a case of operating a store in another state, at a place fifteen miles or more distant from complainant's stores and at a place from which complainant's stores can be reached only by railroad, or a long trolley trip, continued by transfer to tube trains or ferryboats and in a comparatively small factory and rural community as distinguished from a metropolitan district.

The question I must consider is whether complainant has the exclusive right to the use of the word "Suprise" in every community in which it maintains no store, but to which knowledge of the existence of its stores might be carried in any way and especially by New York newspapers in which it advertises, through the circulation of those newspapers in surburban communities even to a small extent.

The fact that complainant advertises its goods one day a week in New York newspapers having a daily circulation of perhaps three thousand in a territory served by defendant's store, which has a population of probably one hundred

thousand, does not convince me that complainant's business has become so well known in the community now under consideration, that the use by defendant of the word "Surprise" affects the business which complainant might do with that part of the public which reads those newspapers and which deals with defendant, or that defendant is selling goods to that public on complainant's reputation. If complainant's advertisements are read by the people of Passaic and neighboring towns, they are informed thereby that complainant's stores are located in New York City and not in Passaic.

I am unable to believe that the defendant is a competitor of complainant. The parties do not deal with the same purchasing public. Surely no part of the New York City public comes to Passaic to buy from defendant, upon the belief that they are dealing with complainant and complainant has not convinced me that any part of the Passaic public would go to New York to buy from complainant, were it not for defendant's store. It does not appear that the corporate name of complainant has become associated in the minds of the people of Passaic and its environs, to such an extent that they believe that defendant's store is connected with complainant's and that when they deal with defendant they are buying complainant's goods. The greater part of the merchandise in which defendant deals is not of the kind sold by complainant and the same line of goods in which both deal can be purchased at many men's furnishing stores. Defendant's trade is with a class of people who buy usually on Saturday nights after receiving their weekly wages and who do not travel to New York at such time, to buy goods which can readily be purchased at home, because the items of expense—time and money—are considerations with them.

It is my opinion that the complainant's right to the use of the word "Surprise" as a trade mark does not extend so far into this state as Passaic and I do not believe that by

the use of such word in connection with defendant's store, the defendant is placing before the people of his section of the state, a familiar name associated solely with complainant's stores and I cannot say that the continued use by the defendant of the word in the way in which he has used it in the past, will result in probable injury to the complainant. Therefore, I shall advise a decree dismissing the bill of complaint.